**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDDIE S. STEELE, | : | PRISONER HABEAS CORPUS |
| BOP # 21638-058, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN R. TILLMAN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:16-CV-3632-WSD-JKL |

**FINAL REPORT AND RECOMMENDATION**

Petitioner, Eddie S. Steele, confined in the Robert A. Deyton Detention Facility in Lovejoy, Georgia, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. 1.]  Petitioner has paid the $5.00 filing fee.

The matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b).  Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").  For the reasons given below, the undersigned recommends that the § 2241 petition be dismissed without prejudice as premature.

I.   Discussion

Petitioner executed his § 2241 petition on September 21, 2016, when he was awaiting trial on federal criminal charges in the Northern District of Georgia. [Doc. 1 at 1, 10.] Petitioner claims that Chief United States Magistrate Judge Linda T. Walker improperly (1) issued a writ of habeas corpus *ad prosequendum* for Petitioner to be transported from North Carolina to Georgia, and (2) denied his motion to return to North Carolina "to deal with a pending armed robbery charge out of that jurisdiction." [*Id.* at 2, 6-9, 11-13.] Senior United States District Judge Willis B. Hunt, Jr., overruled Petitioner's objections to Judge Walker's denial of the motion to return to North Carolina. *See* Order, *United States v. Steele*, No. 1:14-cr-147-RWS-LTW-1 (N.D. Ga. July 28, 2016).[1]

After Petitioner submitted his § 2241 petition, a jury in the Northern District of Georgia convicted him of (1) obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951(a), and (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Superseding Indictment & Jury Verdict, *United States*

---

[1] Judge Hunt subsequently recused himself, and Petitioner's criminal case was reassigned to United States District Judge Richard W. Story.

2

*v. Steele*, No. 1:14-cr-147-RWS-LTW-1 (N.D. Ga. Dec. 6 & 14, 2016). Petitioner has appealed his convictions. *See United States v. Steele*, No. 16-17719 (11th Cir. filed Dec. 21, 2016).

Petitioner's § 2241 petition is premature because claims challenging decisions made in his criminal case "are properly brought . . . [on] direct appeal . . . ." *Garcon v. Palm Beach Cty. Sheriff's Office*, 291 F. App'x 225, 226 (11th Cir. 2008) (per curiam) (dismissing as premature § 2241 petition filed by federal pretrial detainee who was subsequently convicted). Accordingly, Petitioner's § 2241 petition should be dismissed without prejudice.

II. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's § 2241 petition [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** as premature. Because a federal prisoner does not require a certificate of appealability (COA) to appeal the dismissal of a § 2241 petition; *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003); the undersigned does not offer a COA recommendation in this matter.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

3

**IT IS SO RECOMMENDED**, this 9th day of February, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE