IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDDIE S. STEELE,

               Petitioner,

     v.                                1:16-cv-03632-WSD

WARDEN R. TILLMAN,

               Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [2] ("R&R"). The R&R recommends the Court dismiss Petitioner Eddie S. Steele's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1] ("Petition for Habeas Corpus" or "Petition").

## I.    BACKGROUND

On April 23, 2014, Petitioner was indicted in the Northern District of Georgia for (1) interfering with commerce by robbery using actual or threatened force, violence, or fear of injury, in violation of 18 U.S.C. § 1951(a), and (2) using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  United States v. Steele, No. 1:14-cr-147-

RWS-LTW-1 (N.D.Ga.) at [1].  That same day, Magistrate Judge Linda T. Walker issued a writ of habeas corpus ad prosequendum for Petitioner.  Id. at [4].

On September 21, 2016, Petitioner filed his Petition for Habeas Corpus.  In it, Petitioner argues that Magistrate Judge Walker erred by (1) issuing an improper writ of habeas corpus ad prosequendum and (2) denying his motion to return to North Carolina "to deal with a pending armed robbery charge out of that district." (Pet. at 2, 6-9, 11-13).

On December 6, 2016, the Grand Jury returned a two-count Superseding Indictment charging Petitioner with (1) obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) and (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  United States v. Steele, No. 1:14-cr-147-RWS-LTW-1 (N.D.Ga.) at [119].

On December 14, 2016, a jury convicted Petitioner of both counts in the Superseding Indictment.  Id. at [135].  On December 19, 2016, Petitioner appealed his conviction, which is pending before the Eleventh Circuit Court of Appeals.  Id. at [138].

On February 9, 2017, the Magistrate Judge issued his R&R in this case.  In it, he recommends the Petition be dismissed without prejudice as premature due to

Petitioner's pending appeal in his criminal matter.  (R&R at 2).  Petitioner did not file any objections to the R&R, and has not otherwise taken any action in this case.

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam)

### B.   Discussion

Rule 4 of the Rules Governing Section 2254 Cases provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner."  28 U.S.C. § 2254 app. R. 4.[1]

The Magistrate Judge found that Petitioner is not entitled to relief because the Petition is premature.  The Magistrate Judge concluded that dismissal is necessary, "because claims challenging decisions made in his criminal case 'are properly brought . . . [on] direct appeal . . . .'"  (R&R at 2 (quoting Garcon v. Palm Beach Cty. Sheriff's Office, 291 F. App'x 225, 226 (11th Cir. 2008) (per curiam)).  The Court finds no plain error in this finding and recommendation.  Slay, 714 F.2d at 1095.  Accordingly, this action is dismissed as premature.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases as premature.

---

[1]   Rule 1 provides that "[t]he district court may apply any or all of these rules [governing § 2254 cases] to a habeas corpus case not covered by [§ 2254]."  28 U.S.C. § 2254 app. R. 1(b).  The Court concludes that Rule 4 appropriately applies to this case.

**SO ORDERED** this 2nd day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE